IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LANDDESIGN, INC. and ) <br> LDSI, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEWIS J. NORMAN, ) <br> DAVID REED, and ) <br> GIDEON VENTURES, LLC, ) <br> ) <br> Defendants. ) | Case No. 310cv0725 <br><br> Judge Trauger <br><br> Magistrate Judge Bryant |

**INITIAL CASE MANAGEMENT ORDER**

**A.    JURISDICTION:**  This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00. Subject matter jurisdiction is not disputed.

**B.    BRIEF THEORIES OF THE PARTIES:**

**1.    PLAINTIFFS:**

LandDesign, Inc. ("LandDesign") and LDSI, Inc. ("LDSI") (collectively referred to as "Plaintiffs") provided $171,303.57 worth of design, planning, engineering, and surveying services to Defendants in relation to a proposed commercial, residential, and golf course development in Decatur County, Tennessee (the "Project"). The work was primarily organized and provided from LandDesign's Nashville, Tennessee office.

Defendant David Reed, acting on behalf of himself and as an agent of Defendants L.J. Norman ("Mr. Norman") and Gideon Ventures, LLC ("Gideon"), induced Plaintiffs into providing significant services by repeatedly misrepresenting that the Project had sufficient funding; would obtain sufficient funding; and that Plaintiffs would be paid. Mr. Reed initially

made these misrepresentations to induce Plaintiffs to begin providing services and made further misrepresentations to keep Plaintiffs involved with the Project after payments were not received. Mr. Reed made these misrepresentations through electronic messages and phone calls to LandDesign's Nashville, Tennessee office and in face-to-face meetings. When making these misrepresentations, Mr. Reed knew that Gideon did not have sufficient capital or funding sources to pay for Plaintiffs' services.

Mr. Norman owns the land involved in the Project and is the sole member of Gideon; a dissolved Limited Liability Company. Mr. Norman traveled to Tennessee on at least one occasion in which he personally met with Plaintiffs' representatives and held out David Reed as the person with full decision-making authority for the Project. Mr. Norman was aware of Mr. Reed's actions and held out Mr. Reed as the agent for both Gideon and Mr. Norman.

Relying on the misrepresentations made by Mr. Reed, Plaintiffs provided significant services to Defendants and also entered into contracts with Defendants. Mr. Reed executed contracts with Plaintiffs on behalf of Defendant Gideon. Pursuant to the agreements, Defendants owe $171,303.57 for provided services and over $53,845 in late fees that continue to accrue. Plaintiffs assert claims for fraudulent and negligent misrepresentation, unjust enrichment, promissory estoppel, breach of contract, and for violations of the Tennessee Consumer Protection Act. Plaintiffs also seek to pierce Gideon's veil and hold both Mr. Norman and Mr. Reed liable for Gideon's bad acts.

2. **DEFENDANTS LEWIS J. NORMAN AND GIDEON VENTURES, LLC:**

Neither Lewis J. Norman nor Gideon Ventures, LLC is liable to Plaintiffs for any amount under any theory. Mr. Norman did not sign any agreements with Plaintiffs or any other

2

Case 3:10-cv-00725 Document 10 Filed 10/07/10 Page 2 of 7 PageID #: 175

documents on his behalf or on behalf of Gideon Ventures, LLC. Mr. Norman is not familiar with the Plaintiffs and does not recall speaking to anyone employed by the Plaintiffs. Mr. Norman never made any representations or misrepresentations to the Plaintiffs.

Mr. Norman did not direct Mr. Reed or Gideon Ventures, LLC to enter into any agreements with the Plaintiffs. At all times relevant hereto, Mr. Norman exerted very little control over Mr. Reed or Gideon Ventures, LLC, and had very little knowledge of Mr. Reed's day-to-day actions in Tennessee. At no time relevant hereto did Mr. Reed act on behalf of Mr. Norman, individually.

Mr. Norman has not been enriched in any way, is not in possession of any work product produced by either of the Plaintiffs, never used any work product produced by either of the Plaintiffs, and would not be entitled to use any work product produced by either of the Plaintiffs.

Based on the representations and encouragement of Mr. Reed, Mr. Norman genuinely believed in the viability of the Project until the financing for the Project fell through.

Plaintiffs' claims of fraud, fraudulent inducement, intentional misrepresentation, and violations of the Tennessee Consumer Protection Act, as well as Plaintiffs' claims for piercing the corporate veil of Gideon should be dismissed due to the lack of specificity and particularity required by Rule 9 of the Federal Rules of Civil Procedure.

There are no grounds, allegations and/or facts sufficient to pierce the corporate veil of Gideon Ventures, LLC or otherwise for Mr. Norman to be held liable for the acts of Gideon Ventures, LLC or David Reed. Gideon Ventures, LLC is the only entity alleged to be involved in the transactions alleged by Plaintiffs. Therefore, there was no chain of entities which were somehow the alter ego of each other, and there are insufficient facts alleged to support a finding

that either Gideon Ventures, LLC or David Reed was the alter ego or instrumentality of Mr. Norman or that David Reed was the alter ego or instrumentality of Gideon Ventures, LLC.

On or about January 3, 2008, Mr. Reed executed the Design Services Agreement with LandDesign, Inc. ("Contact 3008004") dated January 2, 2008, purportedly on behalf of Gideon Ventures, LLC, but that act by Mr. Reed was an ultra vires act and was outside the scope of any authority granted to him by Gideon Ventures, LLC. On or about January 4, 2008, Mr. Reed executed the Design Services Agreement with LandDesign, Inc. ("Contact 3007138") dated July 18, 2007, purportedly on behalf of Gideon Ventures, LLC, but that act by Mr. Reed was an ultra vires act and was outside the scope of any authority granted to him by Gideon Ventures, LLC. If Mr. Reed executed a Services Agreement with LDSI, Inc. in January 2008, purportedly on behalf of Gideon Ventures, LLC, that act by Mr. Reed was an ultra vires act and was outside the scope of any authority granted to him by Gideon Ventures, LLC. Accordingly, Gideon Ventures, LLC is not bound or in any way obligated by Contact 3008004 or Contact 3007138 or any Services Agreement with LDSI, Inc.

      **3.    DEFENDANT DAVID REED:**

Defendant David Reed at all times pertinent to the Complaint before the Court acted only in the capacity of agent; never in the capacity of principal or as an individual acting in any capacity other than as agent for the other two defendants. He never acted on behalf of himself, claimed to be doing so, or was ever held out or represented by others as doing so.

He never represented or misrepresented anything fraudulently or negligently. Any statements given or otherwise disseminated by or through him were based upon information provided to him by one or both of the other two defendants, or by others he justifiably relied upon.

4

He never executed any contracts or other binding documents in any individual capacity or in any capacity other than as agent for one or both of the other two defendants.

    **C.    ISSUES RESOLVED:** Jurisdiction.

    **D.    ISSUES STILL IN DISPUTE:** Venue, agency status of David Reed, liability, and damages.

    **E.    INITIAL DISCLOSURES:** Pursuant to Federal Rule of Civil Procedure 26(a)(1), the parties stipulate that they will produce their initial disclosures twenty one (21) days after the initial case management conference. Therefore, the deadline is October 28, 2010.

    **F.    DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before February 28, 2011. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow forty (40) interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

    **G.    MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before December 15, 2010.

    **H.    DISCLOSURE OF EXPERTS:** Plaintiffs do not anticipate that they will use an expert witness. Defendants Norman and Gideon do not anticipate that they will use an expert witness. Defendant Reed does not anticipate that he will use an expert witness. If Plaintiffs decide to use an expert witness, they must identify and disclose all expert witnesses and reports on or before March 1, 2011. Defendants shall identify and disclose all expert witnesses and reports on or before April 1, 2011.

5

**I.    DEPOSITIONS OF EXPERT WITNESSES:**  The parties shall depose all expert witnesses, if any, on or before May 15, 2011.

**J.    DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before ~~June~~ April ~~15~~, 2011.  Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response.  Briefs shall not exceed <u>20 pages</u>.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**K.    ESTIMATED TRIAL TIME:**    The parties expect the trial to last approximately 2-3 days.

**L.    JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before January 30, 2011.

**M.    ELECTRONIC DISCOVERY:**  The parties do not anticipate that electronic discovery will be necessary in this case and have agreed to reach an agreement on how to conduct same if it turns out that electronic discovery becomes necessary.  Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**It is so ORDERED.**

Date: 10/7/10

_____
**ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**

**APPROVED FOR ENTRY:**

s/ Chris Holleman
J. Brad Scarbrough (BPR # 20980)
Chris Holleman (BPR # 27310)
Law Office of Brad Scarbrough, PLC
5214 Maryland Way, Suite 207
Brentwood, TN 37027-5071
Telephone: (615) 369-9996
Fax: (615) 515-4491
Email: brad@scarbroughlaw.com
Email: chris@scarbroughlaw.com
*Attorneys for Lewis J. Norman & Gideon Ventures, LLC*


s/ Warner Russell Hodges
Warner Russell Hodges (BPR # 004780)
101 Pilgrim Village Drive
Suite 200
Cumming, GA 30040
Email: RHodges@aim.com
Telephone: (404) 824-4225
*Attorney for Defendant David Reed*


s/ Joshua A. Mullen
Mark A. Baugh (BPR # 15779)
Joshua A. Mullen (BPR # 28388)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
Email: mbaugh@bakerdonelson.com
Email: jmullen@bakerdonelson.com
*Attorneys for Plaintiffs*