# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **LANDDESIGN, INC. and LDSI, INC.** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LEWIS J. NORMAN, DAVID REED, and** ) | |
| **GIDEON VENTURES, LLC,** ) | Case No.: 3:10-0725 |
| ) | Judge Trauger |
| ) | |
|     **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiffs' Motion for Default Judgment Against Lewis J. Norman and Gideon Ventures, LLC (Docket No. 23). For the reasons discussed herein, this motion will be denied.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2010, the plaintiffs, LandDesign, Inc. and LDSI, Inc., filed their Complaint in this case in Davidson County Chancery Court against the three defendants, Gideon Ventures, LLC, Lewis J. Norman, and David Reed. (Docket No. 1 Ex. 1.) The Complaint alleges that Norman ran Gideon Ventures and Reed operated as their agent. (*Id.* at 8-10.) The plaintiffs allege that LandDesign and LDSI provided, pursuant to contractual agreement, "design, planning, surveying, and civil engineering services" to the defendants in conjunction with the defendants' plan to open a golf course community on Norman's property in Decatur County,

1

Tennessee, but the plaintiffs were never paid for their services. (*Id.*) The plaintiffs claim that they are owed $225,149.17 plus attorneys' fees and costs. (*Id.* at 10.)

On July 30, 2010, the defendants removed this case to this court. Norman and Gideon Ventures (collectively, the "Norman Defendants") filed their joint Answer on August 6, 2010, and, following the initial case management conference, the Initial Case Management Order was entered on October 7, 2010. (Docket No. 5, 10.) The plaintiffs maintain that, on December 21, 2010, they served the Norman Defendants with interrogatories and requests for production, and, when no response was received from the Norman Defendants within the 30 days provided by the Federal Rules, plaintiffs' counsel, on January 26, 2011, contacted counsel for the Norman Defendants via e-mail to check on the status of the discovery. (Docket No. 23 at 2.)

The next day, counsel for the Norman Defendants, Chris Holleman, responded via e-mail that he was "in the process of finalizing the responses," but gathering the information needed from his clients was difficult because Norman lives in Florida and "is an older gentleman who is not especially proficient with email (or the fax machine for that matter)." (Docket No. 23 Ex. 3.) On February 4, 2011, in response to a follow up e-mail from plaintiffs' counsel, Holleman apologized for the continued delay in providing discovery and stated, "I think we can get you all the documents and responses by" February 11, 2011. He went on to suggest dates at the end of February 2011 for the parties' depositions.. (Docket No. 23 Ex. 4.)

On February 8, 2011, counsel for the Norman Defendants moved to withdraw. (Docket No. 13.) That same day, the plaintiffs responded that, while they had no objection to withdrawal, there was considerable discovery outstanding, and "discovery issues must be resolved prior" to withdrawal. (Docket No. 14 at 1-2..) The next day, the court issued an Order

stating that it would not consider the Motion to Withdraw until defense counsel complied with the Local Rules regarding such motions, which require, among other things, that counsel state the reasons for the withdrawal. (Docket No. 15 citing L.R. 83.01(g)). On February 16, 2011, counsel for the Norman Defendants filed a supplemental motion, which explained that the Norman Defendants had not been paying for counsel's services, that they are been warned that failure to pay would result in withdrawal and that the Norman Defendants consented to the withdrawal. (Docket No. 16.) The next day, the court granted the Motion to Withdraw and ordered the Norman Defendants, by March 16, 2011, to either have their new counsel enter an appearance or file a notice stating that they intended to proceed *pro se.* (Docket No. 17.)

On March 2, 2011, the plaintiffs filed a Motion to Amend Case Management Order, which recited the factual history discussed above and stated that, in light of defense counsel's withdrawal, the fact discovery deadline (February 28, 2011) and dispositive motion deadline (April 15, 2011) needed to be extended to April 15, 2011 and May 20, 2011, respectively. (Docket No. 19.) The court granted that motion the next day. (Docket No. 20.)

As reflected on the docket, the certified mailings to the Norman Defendants containing the February 17, 2011 Order that directed them to either have their new counsel enter an appearance or file a statement of intention to proceed *pro se* were returned to the court as undeliverable, despite being sent to the Umatilla, Florida address that has been identified with Norman and his company throughout these proceedings. (Docket Nos. 21 and 22.) According to the plaintiffs, "the Norman Defendants have been absent from these proceedings since the withdrawal of their counsel" and have "failed to make any contact with Plaintiffs' counsel." (Docket No. 23 at 4.)

On April 11, 2011, the plaintiffs filed the pending motion, pursuant to Federal Rule of Civil Procedure 37, for a "default judgment against the Norman Defendants for their failure to provide any response to discovery requests; for their failure to participate in depositions; and for their failure to comply with the Court's February 17, 2011 Order." (*Id.* at 4-5.)

## ANALYSIS

### I. Legal Standard

Under Federal Rule of Civil Procedure 37(b)(2)(A), if a party "fails to obey an order to provide or permit discovery," the court may issue "just orders" and may, among other things, strike pleadings, prohibit certain evidence, dismiss the case, or enter a default judgment against the disobedient party. In determining the scope of the sanction, the Sixth Circuit has directed district courts to consider (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault," (2) whether the moving party has been prejudiced, (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction," and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

The Sixth Circuit has noted that "a district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment." *Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008)(referring to the default judgment sanction as the court's "strongest weapon"). Before dismissing a case brought by a disobedient plaintiff or issuing a default judgment against a disobedient defendant, the court must recognize that these are "sanction[s] of last resort," and the court must consider whether such a sanction appropriately punishes the offending party and sensibly deters similar misconduct by future

4

litigants. *Peltz v. Moretti*, 292 Fed. Appx. 475, 478 (6th Cir. 2008)(internal quotation omitted). Indeed, without a showing of "willfulness, bad faith, or fault," by the defendant, entry of a default judgment against the defendant as a discovery sanction is not appropriate. *Id.* An entry of default should be avoided unless the record clearly shows continuous delay or "contumacious conduct by the offending party." *Am. Book Co. v. Consolidated Group of Companies*, 2011 WL 1457686, *4 (E.D. Tenn. Apr. 15, 2011)(internal quotation omitted).

**II.     The Plaintiff's Motion**

The plaintiffs do not attempt to apply the four-part test discussed above and have certainly not met their considerable burden to show that a default judgment is warranted here. There is no clear showing of willfulness, fault or bad faith on the part of the Norman Defendants. Rather, the record indicates that their counsel withdrew, and the court's February 17, 2011 Order directing them regarding counsel was, for reasons that are unclear, not received. While the plaintiffs claim that they "are seriously prejudiced" by the Norman Defendants' current "complete absence from this case," the recent events, so far, have caused a relatively short delay. (Docket No. 23 at 5.) The court recognizes that, going forward, the Norman Defendants' absence from this litigation needs to be addressed, but, at this point, the prejudice to the plaintiffs is relatively minor – a short-term delay, something that is not terribly uncommon in litigation. Also, the Norman Defendants have not been warned that a default judgment sanction is a possibility, and, as discussed below, less drastic sanctions can and should be considered, at the appropriate time. In short, under the standard laid down by the Sixth Circuit, issuing a default judgment against the Norman Defendants on this record would constitute an abuse of this court's discretion.

That said, the Norman Defendants cannot remain absent from this litigation, with the whereabouts of Mr. Norman seemingly unknown. Finding Mr. Norman is critical because not only is he individually a defendant, but he apparently is the lone representative of Gideon Ventures. The court recognizes that the plaintiffs are represented by a large law firm with considerable resources to locate Mr. Norman, and the court suggests that it is in everyone's interest for the plaintiffs to bring some of those resources to bear to locate Mr. Norman so this case can move forward.

If the plaintiffs are able to locate Mr. Norman and actually serve him with the court's February 17, 2011 Order and this Memorandum and Order, they should immediately file notice with the court so advising and stating the circumstances under which Mr. Norman *actually received* the materials. At that point, it would presumably be clear that the Norman Defendants, who are currently not represented by counsel and presumably do not understand the intricacies of the legal process, were aware that they were delaying these proceedings and needed to update the court with how they intended to proceed. If, after this notice, the Norman Defendants continue to not participate in the litigation, sanctions would be appropriate. Additionally, once the court is fully apprised of the circumstances, it might be appropriate to award the plaintiffs the costs of locating Mr. Norman. If, despite their best efforts, the plaintiffs are unable to locate Mr. Norman after 45 days, they should file notice with the court so stating and advising the court of the efforts made to locate Mr. Norman.

Under Sixth Circuit case law, the plaintiffs' Motion for Default Judgment Against Lewis J. Norman and Gideon Ventures, LLC (Docket No. 23) is clearly premature and, therefore, is **DENIED**. All deadlines in this case are **STAYED** pending further order of this court, with the

That said, the Norman Defendants cannot remain absent from this litigation, with the whereabouts of Mr. Norman seemingly unknown. Finding Mr. Norman is critical because not only is he individually a defendant, but he apparently is the lone representative of Gideon Ventures. The court recognizes that the plaintiffs are represented by a large law firm with considerable resources to locate Mr. Norman, and the court suggests that it is in everyone's interest for the plaintiffs to bring some of those resources to bear to locate Mr. Norman so this case can move forward.

If the plaintiffs are able to locate Mr. Norman and actually serve him with the court's February 17, 2011 Order and this Memorandum and Order, they should immediately file notice with the court so advising and stating the circumstances under which Mr. Norman *actually received* the materials. At that point, it would presumably be clear that the Norman Defendants, who are currently not represented by counsel and presumably do not understand the intricacies of the legal process, were aware that they were delaying these proceedings and needed to update the court with how they intended to proceed. If, after this notice, the Norman Defendants continue to not participate in the litigation, sanctions would be appropriate. Additionally, once the court is fully apprised of the circumstances, it might be appropriate to award the plaintiffs the costs of locating Mr. Norman. If, despite their best efforts, the plaintiffs are unable to locate Mr. Norman after 45 days, they should file notice with the court so stating and advising the court of the efforts made to locate Mr. Norman.

Under Sixth Circuit case law, the plaintiffs' Motion for Default Judgment Against Lewis J. Norman and Gideon Ventures, LLC (Docket No. 23) is clearly premature and, therefore, is **DENIED**. All deadlines in this case are **STAYED** pending further order of this court, with the

understanding that these developments will likely require the setting of new discovery and dispositive motions deadlines and a new trial date.

Upon receipt of this Memorandum and Order, the Norman Defendants are hereby **FOREWARNED** that failure to either (1) secure new counsel and have them enter an appearance of record or (2) file a notice with the court that they intend to proceed *pro se* within 30 days from receipt of this Memorandum and Order will be considered sanctionable misconduct in this litigation and the court is authorized to issue sanctions up to and including a **DEFAULT JUDGMENT** against the Norman Defendants.

It is so Ordered.

Entered this 18th day of May 2011.

ALETA A. TRAUGER
United States District Judge