UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANDDESIGN, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:10-0725 |
| ) | Judge Trauger/Bryant |
| LEWIS J. NORMAN, et al., ) | |
| ) | |
| Defendants. ) | |

TO: The Honorable Aleta A. Trauger

### REPORT AND RECOMMENDATION

Plaintiffs have filed their motion for default judgment against defendants Gideon Ventures, LLC and Lewis J. Norman (Docket Entry No. 60). As grounds for this motion, plaintiffs assert that these two defendants have failed to respond to written discovery requests served upon them in December 2010, and that these defendants have failed to obey a court order requiring them to serve responses to the subject discovery.

For the reasons stated in this report and recommendation, the undersigned Magistrate Judge recommends that plaintiffs' motion be granted, and that default be entered against defendants Norman and Gideon Ventures, LLC.

### Statement of the Case

Plaintiffs initially filed this action in June 2010, in the Chancery Court for Davidson County, Tennessee, alleging that defendants had breached certain contracts, made certain tortious misrepresentations, and had otherwise failed to pay plaintiffs for certain design, engineering and related services provided by plaintiffs to defendants (Docket Entry No. 1-1).

Defendants removed the case to this Court in July 2010, and thereafter discovery commenced.

On April 11, 2011, plaintiffs filed a motion for default judgment against defendants Norman and Gideon Ventures, LLC on the grounds that these defendants had failed to serve responses to written discovery and had failed to respond to plaintiffs' requests for available dates upon which to take the deposition of defendant Norman (Docket Entry No. 23). The District Judge denied plaintiffs' motion as premature, and because it had not justified granting the drastic sanction of default when evaluated pursuant to the four considerations identified by the Sixth Circuit in the case of Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (Docket Entry No. 24).

In August 2011, in response to plaintiffs' motion for a case scheduling conference, the District Judge referred this case to the undersigned Magistrate Judge for case management, inasmuch as defendants were by that time proceeding pro se (Docket Entry No. 35). Following a case management conference, a scheduling order establishing certain deadlines governing progression of the case was entered on September 20, 2011 (Docket Entry No. 45). Thereafter, the Court set this case for trial on July 24, 2012 (Docket Entry No. 47).

On October 24, 2011, plaintiffs filed their motion to compel discovery responses from defendant Norman (Docket Entry No. 55). As grounds, plaintiffs assert that defendant Norman has failed to serve responses to written discovery requests served on him in December 2010, and has likewise not responded to plaintiffs'

2

requests for dates upon which to take his deposition. After defendant Norman failed to respond in opposition to this motion, the undersigned Magistrate Judge granted plaintiffs' motion to compel and ordered defendant Norman to serve responses to pending written discovery by November 30, 2011. This order expressly admonished defendant Norman that his failure to comply may subject him to sanctions, including but not limited to judgment by default (Docket Entry No. 56).

Plaintiffs have now filed their motion for default against defendant Norman and defendant Gideon Ventures, LLC (Docket Entry No. 60). As grounds, plaintiffs assert that these defendants still have not served responses to written discovery, have in effect remained absent from and have ignored all proceedings in this case, and have disobeyed the Court's order requiring defendant Norman to serve responses to written discovery by November 30, 2011 (Docket Entry No. 60).

Neither defendant Norman nor defendant Gideon Ventures, LLC, have responded in opposition to this motion.

## **Analysis**

The Sixth Circuit has determined that four factors are to be considered by a court in ruling on a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997). These factors are: (1) whether the party's failure to cooperate in discovery is due to wilfulness, bad faith or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to

cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. Freeland, 103 F.3d at 1277.

Applying these four factors, the undersigned Magistrate Judge finds, after months by these two defendants in essence ignoring their responsibilities to participate in this case, that these parties are wilfully refusing to cooperate in discovery. The undersigned Magistrate Judge further finds that plaintiffs have been materially prejudiced by their resulting inability to obtain any meaningful discovery from these two defendants. This case will soon be two years old, and is set for trial on July 24, 2012. Plaintiffs have been deprived of the right to obtain meaningful discovery from these two defendants, and the undersigned Magistrate Judge finds that prejudice to plaintiffs has occurred. Next, defendant Norman was expressly warned by the Court that his failure to comply with the Court's order to serve discovery responses could result in sanctions, "including but not limited to judgment by default." (Docket Entry No. 56). Finally, the undersigned Magistrate Judge has considered other sanctions listed in Rule 37(b)(2)(A), and finds that none of them are a suitable alternative sanction in a case where parties have refused to participate in discovery for months in disobedience to a court order directing them to do so, and in disregard of their obligations to make discovery pursuant to the Federal Rules of Civil Procedure.

For the reasons stated above, the undersigned Magistrate Judge finds that plaintiffs' motion for default judgment, pursuant to Rule 37(b)(2)(A)(vi) should be granted and default judgment entered against defendants Norman and Gideon Ventures, LLC.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion for default judgment should be **GRANTED**, and that judgment by default be **ENTERED** against defendants Norman and Gideon Ventures, LLC, and that plaintiffs be directed to file an affidavit or other evidence establishing the amount of their claim.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 23rd day of April 2012.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge